**In re George J. SAMUELS, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 93–BG–103.**

District of Columbia Court of Appeals.

Submitted Sept. 28, 1994.

Decided Oct. 17, 1994.

Before FARRELL and KING, Associate Judges, and MACK, Senior Judge.

PER CURIAM:

The Court of Appeals of Maryland placed respondent on voluntary inactive status provided that, before he is allowed to resume active status, he must demonstrate that he has been restored to good health and is capable of engaging in the competent practice of law. The Board on Professional Responsibility has recommended that this matter be treated as one warranting reciprocal discipline,[1] and that the functionally identical discipline—indefinite voluntary suspension with reinstatement conditioned upon a showing of fitness—may and should be imposed pursuant to D.C.Bar R.XI, § 13(e) (suspension upon claim of disability by attorney). Bar Counsel supports this recommendation, and respondent consents to the suspension. We accept the Board's recommendation.

Accordingly, George J. Samuels is hereby suspended from the practice of law in the District of Columbia *nunc pro tunc* to May 6, 1993, provided that he files the affidavit required by D.C.Bar R.XI, § 14(f) within 30 days from the date of this opinion. Reinstatement shall be governed by the terms of D.C. Bar R. XI, § 13(g) (attorney eligible for reinstatement after one year, upon showing "by the attorney, by clear and convincing evidence, that the disability has ended and that the attorney is fit to resume the practice of law"); *see also* D.C. Bar R. XI, § 16(b).

*So ordered.*

---

**1.** Respondent agreed to be placed on inactive status in Maryland in light of disciplinary charges that were pending against him.