**In re Joseph P. CLANCY, Petitioner.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**Nos. 94–BG–1549, 95–BG–378, 95–BG–729.**

District of Columbia Court of Appeals.

Submitted April 16, 1996.

Decided May 9, 1996.

Before WAGNER, Chief Judge, and TERRY, Associate Judge, and PRYOR, Senior Judge.

PER CURIAM:

The Court of Appeals of Maryland placed respondent, Joseph P. Clancy, on inactive status by consent, respondent having acknowledged his inability to meet the demands of practice because of his own medical condition and that of a close family member.[1]

---

1. Respondent agreed to be placed on inactive status in Maryland in light of pending disciplin-    ary charges.

The Board on Professional Responsibility has recommended that this matter be treated as one warranting reciprocal discipline and that the functionally identical discipline—indefinite voluntary suspension with reinstatement conditioned upon a showing of fitness—should be imposed pursuant to D.C. Bar R. XI, § 13(e) (suspension upon claim of disability by attorney); *see In re O'Brien,* 665 A.2d 662 (D.C.1995); *In re Samuels,* 648 A.2d 943 (D.C.1994). Bar Counsel supports the Board's recommendation, and respondent has filed no objection to this action. Having considered same, we accept the Board's recommendation. Therefore, it is

ORDERED that Joseph P. Clancy hereby is suspended from the practice of law in the District of Columbia. Reinstatement shall be governed by the terms of D.C. Bar R. XI, § 13(g) (attorney eligible for reinstatement after one year, upon showing "by the attorney, by clear and convincing evidence, that the disability has ended and that the attorney is fit to resume the practice of law"). Respondent's attention is directed to the provisions of D.C. Bar R. XI, § 14(g), requiring the filing of an affidavit by suspended attorneys, and § 16, dealing with reinstatement and the effect thereon of a failure to file the required affidavit.

*So ordered.*