**In re Timothy Michael DICK, Respondent.**

No. 95–BG–1386.

District of Columbia Court of Appeals.

Submitted Sept. 19, 1996.
Decided Oct. 10, 1996.

Before WAGNER, Chief Judge, and REID, Associate Judge, and PRYOR, Senior Judge.

PER CURIAM:

The Court of Appeals of Maryland placed respondent on inactive status by consent af-

ter he acknowledged and submitted proof that he suffers from major depression. Before he is allowed to resume active status, he must petition the Court of Appeals of Maryland and be subject to an appropriate investigation to determine his fitness to practice law. We treat this action as one warranting reciprocal discipline. Hence, the functionally identical discipline imposed in Maryland—indefinite voluntary suspension with reinstatement conditioned upon a showing of fitness—may and should be imposed pursuant to D.C. Bar R. XI, § 13(e). *In re Eileen O'Brien,* 665 A.2d 662 (D.C.1995) (citing *In re Samuels,* 648 A.2d 943 (D.C.1994)). Accordingly, pursuant to the Report and Recommendation of the Board on Professional Responsibility which Bar Counsel supports, and to which respondent has filed no exception, it is

ORDERED that the said Timothy Michael Dick is hereby suspended from the practice of law in the District of Columbia *nunc pro tunc* to October 31, 1995. Reinstatement shall be governed by the terms of D.C. Bar R. XI, § 13(g) (attorney eligible for reinstatement after one year, upon showing "by the attorney, by clear and convincing evidence, that the disability has ended and that the attorney is fit to resume the practice of law"). Respondent's attention is drawn to the provisions of D.C. Bar R. XI, § 14(g) requiring the filing of an affidavit by suspended attorneys, and § 16, dealing with reinstatement and the effect thereon of a failure to file the required affidavit.

*So ordered.*