**In re Cornell D.M. Judge CORNISH, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 95–BG–1830.**

District of Columbia Court of Appeals.

Argued Feb. 25, 1997.

Decided March 27, 1997.

Cornell D.M. Judge Cornish, pro se.

Michael S. Frisch, Senior Assistant Bar Counsel, with whom Leonard H. Becker, Bar Counsel, was on the brief, for petitioner, the Office of Bar Counsel.

Before FERREN, STEADMAN and SCHWELB, Associate Judges.

PER CURIAM:

On December 4, 1995, the Court of Appeals of Maryland ordered that respondent[1] be placed on inactive status from the practice of law. *Attorney Griev. Comm'n v. Cornish,* 340 Md. 688, 667 A.2d 916 (1995). The Maryland court acted in response to a petition filed jointly by the Attorney Grievance Commission and the respondent. The petition stated, *inter alia,* that at the time, "a complaint was pending against Respondent concerning the handling of a patent application"[2] and that "Respondent admits that at the present time he is unable and has no desire to cope with the demands of the practice of law."

On April 15, 1996, pursuant to D.C. Bar R. XI, § 11(d), this court temporarily suspended respondent from the practice of law in the District of Columbia pending a recommendation from the Board on Professional Responsibility. We now have before us the recommendation of the Board that this court impose reciprocal discipline of indefinite suspension with reinstatement conditioned upon a showing of fitness, pursuant to D.C. Bar R. XI, § 13(g).

We have consistently taken this course of action in reciprocal proceedings involving the imposition of inactive status by court order in Maryland pursuant to a joint petition as in this case. *In re Dick,* 683 A.2d 159 (D.C. 1996); *In re Clancy,* 675 A.2d 493 (D.C.1996); *In re O'Brien,* 665 A.2d 662 (D.C.1995); *In re Samuels,* 648 A.2d 943 (D.C.1994).

It is true that in *In re Samuels,* the order placing that attorney on inactive status contained an explicit provision conditioning reinstatement upon a showing "that he has been restored to good health and is capable of engaging in the competent practice of law." *Attorney Griev. Comm'n v. Samuels,* 328 Md. 739, 616 A.2d 903 (1992). The Maryland order before us placing respondent on inactive status does not include any such explicit condition, *Attorney Griev. Comm'n v. Cornish,* 340 Md. 688, 667 A.2d 916 (1995). We note, however, that the orders involved in *Attorney Griev. Comm'n v. Dick,* 340 Md. 28, 664 A.2d 1263 (1995), *Attorney Griev. Comm'n v. Clancy,* 336 Md. 516, 649 A.2d 356 (1994), and *Attorney Griev. Comm'n v. O'Brien,* 332 Md. 510, 632 A.2d 767 (1993), each of which formed the basis for the reciprocal action here, contained no explicit conditions upon reinstatement. In all of those cases, as in respondent's, the Maryland Court of Appeals simply ordered inactive status in accordance with Maryland Rule 16–713 (then BV13). It appears that under Maryland Rule 16–714, such an order may be modified or terminated only by a petition filed in the Court of Appeals which must "set forth facts showing that the petitioner is rehabilitated and is otherwise entitled to the relief sought."

Accordingly, in each of our cases cited above, we provided that reinstatement should be governed by the terms of D.C. Bar R. XI, § 13(g). Consistent with these precedents,

---

**1.** All prior proceedings both in Maryland and here have identified respondent as Cornell D. Cornish. Respondent has submitted to us an order of the Superior Court filed September 13, 1990, formally granting respondent's petition to change his name from Cornell D. Cornish to Cornell D.M. Judge Cornish. Without objection by Bar Counsel, we have changed the formal caption of this case accordingly. In light of this opinion, all other pending motions, both pre-argument or post-argument, are dismissed as moot.

**2.** The petition further stated that "Respondent has taken steps to resolve that matter."

the Board has recommended that respondent's reinstatement in the District of Columbia be likewise governed by the terms of D.C. Bar R. XI, § 13(g). Under that subsection, an attorney suspended for disability may apply for reinstatement "once a year or at such shorter intervals as the Court may direct in its order of suspension or any modification thereof." The Board recommended that the one-year period run from the date respondent filed an affidavit pursuant to D.C. Bar R. XI, § 14(g).

We were advised by Bar Counsel at oral argument that respondent had filed such an affidavit on July 29, 1996. With respect to the time within which respondent may apply for reinstatement, we note that the Maryland rules appear to impose no minimum period within which reinstatement may be sought by one placed on inactive status by court order. We were advised at oral argument that respondent may soon seek reinstatement in Maryland. Should such reinstatement occur prior to the expiration of the one-year period here, respondent may move for a modification of the time period for reinstatement here as provided in § 13(g).[3]

Accordingly, it is ORDERED that respondent is hereby suspended indefinitely from the practice of law in the District of Columbia *nunc pro tunc* to July 29, 1996. Reinstatement shall be governed by the terms of D.C. Bar R. XI, § 13(g).

---

**3.** Although our rules are not entirely clear, in our prior orders cited above dealing with the effect here of Maryland inactive status impositions, we appear to have interpreted § 13(g) as making an attorney eligible for reinstatement only after a year has passed, absent court order shortening that interval, and to measure that period dependent upon the filing of the affidavit required by § 14(g). We follow that practice here without further examination of the issues, since as indicated reinstatement here will presumably be dependent in the first instance upon action in Maryland and the time period here could be correspondingly shortened in that eventuality. Although following the entry of the Maryland order respondent filed an affidavit pursuant to *Matter of Goldberg*, 460 A.2d 982 (D.C. 1983), following his subsequent suspension here he did not timely file a § 14(g) affidavit, a precondition to *Goldberg* retroactivity. See § 16(c); *In re Slosberg*, 650 A.2d 1329 (D.C.1994).