**In re Ronald L. WINKLER, Respondent**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 96–BG–858.**

District of Columbia Court of Appeals.

Submitted June 24, 1997.

Decided July 10, 1997.

Before WAGNER, Chief Judge, SCHWELB, Associate Judge and MACK, Senior Judge.

PER CURIAM.

The Board on Professional Responsibility has recommended that reciprocal discipline be imposed upon respondent Ronald L. Winkler, Esquire, a member of the bar of this court, and that Winkler be suspended from practice indefinitely in conformity with D.C. Bar R. XI, § 13, which deals with incompetent and incapacitated attorneys. The relevant facts are set forth in the Board's Report and Recommendation, which is attached hereto.

Neither Bar Counsel nor respondent has filed any opposition to the recommendation of the Board. Accordingly, and substantially for the reasons stated by the Board, Ronald L. Winkler, Esquire is hereby suspended from the practice of law for an indefinite period, provided, however, that he may apply for reinstatement, in conformity with D.C. Bar R. XI, § 13(g), upon a showing, by clear and convincing evidence, that his disability has ended and that he is fit to practice law. Respondent's attention is directed to the provisions of D.C. Bar R. XI, § 14, relating to the obligations of disbarred and suspended attorneys.

*So ordered.*

## APPENDIX

### DISTRICT OF COLUMBIA COURT OF APPEALS
### BOARD ON PROFESSIONAL RESPONSIBILITY

In the Matter of Ronald L. Winkler, Respondent.

Docket No. 296–96

### *REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY*

Respondent, a member of the District of Columbia and Maryland bars, was placed on inactive status by consent in Maryland by Order of the Court of Appeals of Maryland dated July 29, 1996. The Maryland Order was based on a Petition for Inactive Status filed by Maryland Bar Counsel and Respondent. On September 25, 1996, the District of Columbia Court of Appeals entered an Order suspending Respondent from practice in this jurisdiction and ordering the Board on Professional Responsibility to recommend to the Court whether reciprocal discipline should be imposed, or whether the Board elects to proceed *de novo* pursuant to Rule XI, section 11(d) of the Rules of the Court of Appeals Governing the Bar ("Rule XI").[1] For rea-

---

1. On November 19, 1996, the United States Court of Appeals for the District of Columbia Circuit suspended Respondent and ordered him to show cause why he should not be suspended

sons stated below, the Board recommends that the Court impose reciprocal discipline of indefinite suspension with reinstatement conditioned upon a showing of fitness, pursuant to Rule XI, section 13(e).

The Petition for Inactive Status states that there was pending against Respondent the filing of a Petition for Disciplinary Action alleging violations of Maryland Rule 1.3 (failure to act with diligence and promptness in representing a client on three separate legal matters), and Rule 1.4(a) (failure to keep his client reasonably informed of the status of those cases and to comply with requests for information). The Respondent was also subject to charges to determine his ability to practice law under Maryland Rule BV(I).

The Petition further states that Respondent suffers from chronic dysthymia, post traumatic stress disorder characterized by anxiety, nightmares, and impulsivity, as well as attention deficit disorder. He has been under medical care and treatment for these conditions since 1977, and since 1985 has been continuously under the care and treatment of a psychiatrist, Dr. John W.R. Love, who specializes in psychopharmacology. Respondent sees Dr. Love on a weekly basis, enabling the doctor to adjust the multiple medications deemed necessary to assist the Respondent and control his symptoms. It is the opinion of the Respondent's physician that he is not currently competent to practice law, and when able, will still require supervision of his practice. Respondent is not currently in the active practice of law and voluntarily discontinued his practice in 1994.

The Court has treated other cases in which respondents took inactive status in Maryland due to disability while a disciplinary matter was pending as warranting reciprocal discipline. See In re Dick, 683 A.2d 159 (D.C. 1996); In re Clancy, 675 A.2d 493 (D.C.1996); In re O'Brien, 665 A.2d 662 (D.C.1995); In re Samuels, 648 A.2d 943 (D.C.1994). In those cases, the functionally identical discipline—indefinite voluntary suspension with reinstatement conditioned upon a showing of fitness—has been imposed pursuant to Rule

based on Respondent's placement on inactive status in Maryland. Bar Counsel transmitted the

XI, section 13(e) (suspension upon a claim of disability by attorney). Bar Counsel recommends the same result in this matter, and Respondent has not made any filing before the Board to demonstrate that any exception to the imposition of reciprocal discipline should apply. See Rule XI, section 11(c).

The Board accordingly recommends that reciprocal discipline of an indefinite suspension be imposed in the District of Columbia, with reinstatement to be governed by the terms of Rule XI, section 13(g) (attorney eligible for reinstatement after one year upon a showing, by clear and convincing evidence, that the disability has ended and the attorney is fit to practice law). The Board recommends that the one-year period run from the date Respondent files an affidavit pursuant to Rule XI, section 14(g).

BOARD ON PROFESSIONAL RESPONSIBILITY

By: /s/ _____
Rita Soler Ossolinski

Dated: February 11, 1997

All members of the Board concur in this Report and Recommendation except Ms. Brannan and Mr. Howard, who did not participate.

order to the Court on December 18, 1996, for informational purposes.