## In re Arthur M. REYNOLDS, Jr., Respondent.

## A Member of the Bar of the District of Columbia Court of Appeals.

Nos. 94–BG–384, 95–BG–324, 95–BG–1246, 95–BG–625, 95–BG–1385, 95–BG–1686, 95–BG–379.

District of Columbia Court of Appeals.

Argued March 20, 1998.
Decided April 9, 1998.

---

Michael S. Frisch, Senior Assistant Bar Counsel, with whom Leonard H. Becker, Bar Counsel, was on the brief, for Office of Bar Counsel.

Elizabeth J. Branda, Executive Attorney, for Board on Professional Responsibility.

John A. Shorter, Washington, DC, entered an appearance for respondent.

Before FARRELL and REID, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

In these consolidated matters, the Board on Professional Responsibility recommends reciprocal discipline consisting of indefinite suspension of respondent in accordance with an identical suspension by consent which was imposed by the Court of Appeals of Maryland. The Board recommends further that respondent be required to satisfy the provisions of D.C. Bar R. XI, § 13(g) (1997) ("Reinstatement of incapacitated attorney") before being reinstated. Finally, the Board recommends that three additional reciprocal disciplinary matters pending against respondent be held in abeyance until such time as he applies for reinstatement. Respondent does not oppose any of these recommendations.

Bar Counsel originally excepted to the Board's recommendation and asked that the matter be returned to the Board for further explanation of why it recommended reciprocal discipline based upon the Maryland consent suspension rather than upon the other pending reciprocal matters, each involving disbarment or lengthy suspension of respondent for serious misconduct. At oral argument, however, Bar Counsel withdrew the request for a remand upon the understanding of all parties that before the Board can recommend respondent's reinstatement it must address the other reciprocal matters.

Accordingly, we accept the Board's recommendations. Pursuant to D.C. Bar R. XI, § 11, respondent is suspended from the practice of law in the District of Columbia retroactive to May 2, 1997, the date on which he complied with the affidavit requirements of D.C. Bar R. XI, § 14(g).[1] See In re Cornish, 691 A.2d 156 (D.C.1997) (per curiam). Before respondent is reinstated, two conditions must be met: respondent must meet the requirements of Rule XI, § 13(g), and this court, upon recommendations of the Board, must have disposed of the remaining petitions against respondent for reciprocal discipline.[2]

So ordered.

---

1. The Board acknowledges that it was mistaken in its initial recommendation that the suspension run *nunc pro tunc* to October 31, 1996, the date of respondent's suspension by the State of Maryland.

2. Perhaps inadvisedly, two original disciplinary petitions filed in the District of Columbia have been consolidated with the reciprocal matters before us. Those proceedings were stayed automatically when respondent filed a request under Rule XI, § 13 to hold them in abeyance based upon a claim of disability. That request has since been withdrawn. The Board is free to decide whether those proceedings should continue to completion pending respondent's suspension.