**In re Daniel P. LEVITT, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 95–BG–1321.**

District of Columbia Court of Appeals.

Feb. 25, 1999.

Before FARRELL and RUIZ, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

Respondent, Daniel P. Levitt, is admitted to practice law in the District of Columbia and the State of New York. In 1995, he pled guilty in the United States District Court for

the Southern District of New York to charges that he failed to file personal income tax returns for the years 1989, 1990, and 1991. Also in 1995, respondent pled guilty in New York state court to failing to file a New York State and City personal income tax return for 1992.

Bar Counsel filed certified copies of respondent's judgments of conviction, and this court temporarily suspended respondent pursuant to D.C. Bar R. XI, § 10(c). We directed the Board on Professional Responsibility ("Board") to institute formal proceedings to determine the nature of the final discipline to be imposed.

Thereafter, this court received from Bar Counsel certified copies of disciplinary orders entered against respondent by the United States District Court for the Southern District of New York and the United States District Court for the Eastern District of New York. Both of those courts censured respondent as a result of his convictions for failing to file tax returns. Thus, two reciprocal discipline proceedings were instituted against respondent in addition to the two formal proceedings this court ordered. All four proceedings were consolidated before the Board.

The Board has filed a report and recommendation that respondent be suspended from the practice of law for six months. The Board, in accord with the Hearing Committee, found that respondent's failure to file personal income tax returns did not involve moral turpitude, but did constitute a violation of Rule 8.4(b) of the District of Columbia Rules of Professional Conduct.

Bar Counsel has informed the court that he takes no exception to the Board's report and recommendation. Respondent has not filed any exceptions to the Board's report and recommendation.

■ This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Moreover, we will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted."

*Id.* Respondent's failure to file any exceptions to the Board's report and recommendation increases this court's already substantial deference to the Board. D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997).

We find substantial support in the record for the Board's findings, and, accordingly, we accept them. Likewise, we adopt the sanction recommended by the Board, as it is not inconsistent with discipline imposed in similar cases. *See, e.g., In re Shorter,* 570 A.2d 760, 762 (D.C.1990) (referencing the respondent's previous six-month suspension for conviction of failing to file tax returns). Accordingly, it is

■ ORDERED that Daniel P. Levitt is suspended from the practice of law in the District of Columbia for the period of six months *nunc pro tunc* to October 29, 1996, the date respondent filed an affidavit in compliance with D.C. Bar R. XI, § 14(g). Further, the reciprocal discipline proceedings are dismissed.

*So ordered.*