**In re Richard B. SLOSBERG, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**Nos. 98–BG–846, 99–BG–652.**

District of Columbia Court of Appeals.

Submitted June 29, 2000.
Decided Aug. 31, 2000.

---

Before RUIZ, Associate Judge, and PRYOR and MACK, Senior Judges.

PER CURIAM:

In this reciprocal discipline case, the District of Columbia Board on Professional Responsibility (Board) recommends that respondent Richard B. Slosberg be suspended based on his May 27, 1999 suspension by the Supreme Judicial Court of Maine. Respondent was temporarily suspended by the Supreme Judicial Court of Maine after suffering a stroke which left him medically unfit to carry on his practice of law, M. Bar R.7.3 (e)(3), and caused a

pending disciplinary proceeding to be continued. Further, the Board recommends that respondent's pending disciplinary charge in the separate matter be held in abeyance pending removal of the disability.

Respondent is the subject of two separate reciprocal proceedings. In one matter, respondent was found to have committed egregious violations of the Maine rules including failure "to maintain adequate records" and "commingling trust funds with office operating funds and his personal funds." He was suspended by the Supreme Judicial Court of Maine for one month and ordered not to resume the practice of law until he established office procedures in compliance with Maine Bar Rules which require that a lawyer maintain complete records of client funds. On June 23, 1998, the District of Columbia Court of Appeals entered an order suspending respondent, pursuant to D.C. Bar R. XI, § 11 (d). In the second matter, the Maine Court determined that respondent was not medically fit to practice law after suffering a severe and disabling stroke in June 1998. Acknowledging that respondent was already suspended for his violations of the Maine Bar Rules, the court ordered that respondent remain suspended until he demonstrated he was medically fit to practice law. This court directed the Board to recommend whether reciprocal suspension should be imposed.

We agree with the Board's recommendation to place respondent on suspension pending his return to health. The Maine disability suspension is appropriate for reciprocal suspension under D.C. Bar R. XI, § 13 (c). *See In re Cornish,* 691 A.2d 156 (D.C.1997); *In re Dick,* 683 A.2d 159 (D.C. 1996). The disciplinary matter shall be held in abeyance until it is determined that respondent is capable of defending the charges pending against him. Thus, pursuant to D.C. Bar R. XI, § 11 (d), we adopt the Board's recommendation. Respondent will be entitled to qualify for reinstatement once a year, or after a shorter period of time if the court so directs. D.C. Bar R. XI, § 13 (g); *In re Cornish, supra,* 691 A.2d at 157. Accordingly, it is

ORDERED that Richard B. Slosberg be suspended from the practice of law in the District of Columbia until he is medically fit to carry on the practice of law.

*So ordered.*