In re Denise R. STANLEY,
Respondent.

A Member of the Bar of the District
of Columbia Court of Appeals.

No. 99–BG–54.

District of Columbia Court of Appeals.

Submitted Feb. 21, 2001.

Decided March 15, 2001.

Before FARRELL and REID, Associate
Judges, and KING, Senior Judge.

PER CURIAM:

On December 14, 1998, the Court of Appeals of Maryland placed respondent, Denise R. Stanley, on inactive status by consent. At the time, respondent was facing three disciplinary complaints alleging that she failed to communicate with her clients on a timely basis. In the petition filed jointly with the Attorney Grievance Commission of Maryland, respondent asserted that she was suffering from and being treated for depression that rendered her unable to provide adequate legal services to her clients.[1]

On February 8, 1999, this court temporarily suspended respondent pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("Board"). The Board recommends reciprocal discipline of an indefinite suspension based on disability, with reinstatement governed by D.C. Bar R. XI, § 13(g).

Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation. Respondent did not contest reciprocal discipline in the proceedings before the Board and has not filed any opposition to the Board's report and recommendation. The action recommended by the Board is an appropriate reciprocal response when an attorney is placed on inactive status in Maryland based on an asserted disability. *In re Cornish,* 691 A.2d 156 (D.C.), *cert. denied,* 522 U.S. 867, 118 S.Ct. 176, 139 L.Ed.2d 117 (1997). Given our limited scope of review and the presumption in favor of identical reciprocal discipline, we adopt the Board's recommendation. *See In re Goldsborough,* 654 A.2d 1285 (D.C.1995); *In re Zilberberg,* 612 A.2d 832, 834 (D.C. 1992); D.C. Bar R. XI, § 11(f). Accordingly, it is

ORDERED that Denise R. Stanley be suspended indefinitely from the practice of law in the District of Columbia. Reinstatement shall be governed by the terms of D.C. Bar R. XI, § 13(g). We note that respondent has not filed the affidavit required by D.C. Bar R. XI, § 14. We direct respondent's attention to the requirements of that rule and their effect on her eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

---

1. We note that respondent has also been suspended in reciprocal proceedings by the United States Court of Appeals for the District of Columbia Circuit, the United States District Court for the District of Columbia, and the United States District Court for the District of Maryland.