**In re Joseph E. GLASS, Respondent.**

**No. 01–BG–1208.**

District of Columbia Court of Appeals.

Decided Aug. 22, 2002.

Before REID and WASHINGTON, Associate Judges, and KERN, Senior Judge.

PER CURIAM.

On August 29, 2001, the Court of Appeals of Maryland suspended respondent, Joseph E. Glass, from the practice of law for ninety days. *Attorney Grievance Comm'n of Md. v. Glass,* 365 Md. 319, 778 A.2d 1107 (2001). That suspension was based on a joint petition in which respondent conceded the existence of sufficient evidence to establish that he committed assorted ethical violations in four separate matters. Those violations include charging an excessive fee, failing to provide the client with a written statement explaining the remittance to the client and the method of its determination, contacting a prospective client at a memorial service when respondent should have known the person could not exercise reasonable judgment at that time, failing to adequately communicate with a client, and failing to act diligently with the result that a client's claim became barred by the statute of limitations.

On October 1, 2001, this court temporarily suspended respondent pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility "Board". The Board has recommended imposition of identical reciprocal discipline. The Board further recommends that this suspension be imposed *nunc pro tunc* to the date of respondent's Maryland suspension. Neither Bar Counsel nor respondent opposes the Board's report and recommendation.

Given our limited scope of review and the presumption in favor of identical reciprocal discipline, we impose the sanction recommended by the Board. *See In re Goldsborough,* 654 A.2d 1285 (D.C.1995); *In re Zilberberg,* 612 A.2d 832, 834 (D.C. 1992); D.C. Bar R. XI, § 11(f). Accordingly, it is

ORDERED that Joseph E. Glass be suspended from the practice of law in the District of Columbia for the period of ninety days. Respondent's discipline is imposed *nunc pro tunc* to October 26, 2001, the date on which he filed the affidavit required by D.C. Bar R. XI, § 14(g).[1]

*So ordered.*

---

1. We decline to make respondent's discipline *nunc pro tunc* to the date of his Maryland

suspension because he did not file his § 14(g) affidavit within ten days of our interim suspension order. *See In re Cornish,* 691 A.2d 156, 158 n. 3 (D.C.), *cert. denied,* 522 U.S. 867, 118 S.Ct. 176, 139 L.Ed.2d 117 (1997); *In re Slosberg,* 650 A.2d 1329, 1331–33 (D.C. 1994).