**In re Donna C. ALDRIDGE, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 95–BG–293.**

District of Columbia Court of Appeals.

Submitted April 7, 2005.
Decided April 21, 2005.

Before SCHWELB, FARRELL, and REID, Associate Judges.

PER CURIAM:

In this reciprocal discipline matter, the Board on Professional Responsibility recommends respondent's suspension from the Bar of the District of Columbia indefinitely based on her disability, in accordance with D.C. Bar R. XI, § 13(g). The recommendation follows from respondent's indefinite suspension by the Court of Appeals of Maryland, acting upon a joint petition filed by respondent and Maryland Bar Counsel acknowledging that certain psychological ailments had directly contributed to disciplinary violations respondent committed between 1986 and 1993. The background of this matter also includes two previous reciprocal suspensions of respondent in 1993 by this court for conduct within the same time frame, one for sixty days and one a three-year suspension; both were to begin upon her filing of the affidavit required by D.C. Bar R. XI, § 14(g). It does not appear that respondent has yet filed the affidavit.[1]

Before the Board in this case, respondent did not contest the imposition of indefinite suspension as reciprocal discipline; nor, in this court, does she except to the Board's recommendation. In such circumstances, the Board's role in deciding whether to recommend identical reciprocal discipline was an exceptionally limited one, see *In re Childress*, 811 A.2d 805, 807

1. The Board acknowledges, regretfully, that "[f]or reasons that are not entirely clear," the present matter was not acted upon by the Board for nine years. It nevertheless concludes that the delay has "not prejudiced either the [r]espondent or the public due to [r]espondent's [two prior] suspensions ...

which have not begun to run for purposes of reinstatement" given her failure to file the Rule XI, § 14(g) affidavit. Although we too regret the delay in this matter reaching the court, we agree with the Board that no prejudice to respondent or the public has been identified as stemming from the delay.

(D.C.2002); and, similarly, this court's consideration of the Board's recommendation is especially deferential. *See In re Goldsborough,* 654 A.2d 1285, 1288 (D.C.1995).

 We therefore adopt the recommendation of the Board and suspend respondent from the practice of law in the District of Columbia for an indefinite period pursuant to Rule XI, § 13(g). Ordinarily, reinstatement following a disability suspension may be sought after one year has passed, "absent court order shortening that period." *In re Cornish,* 691 A.2d 156, 158 & n. 3 (D.C.1997) (per curiam). As the Board points out, however, that limitation is moot in this case because respondent, before seeking reinstatement, must presumptively wait three years after complying with the requirements of D.C. Bar R. XI, § 14 for the suspensions in her first and second disciplinary matters. *See In re Slosberg,* 650 A.2d 1329, 1331 (D.C.1994). Respondent is therefore reminded of the requirements of that rule in regard to both this and her previous sanctions. *See also* D.C. Bar R. XI, § 16(c). (A single § 14(g) affidavit would suffice for all three suspensions.) Yet, like the Board, we do not ignore the fact that respondent's disability—conceded to have spanned a seven-year period—may have contributed to the misconduct that resulted in her two previous suspensions as well. Accordingly, if respondent fulfills the affidavit requirement, and is able to demonstrate to the Board both that her disability was a factor in her prior discipline and that she is presently fit to be reinstated, the Board may recommend to the court that her reinstatement be permitted within a period of time shorter than would otherwise be required.

*So ordered.*