In re Thomas O'TOOLE, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

No. 04–BG–245.

District of Columbia Court of Appeals.

Submitted June 9, 2005.

Decided June 23, 2005.

Before TERRY, RUIZ and GLICKMAN, Associate Judges.

PER CURIAM:

This is a matter of reciprocal discipline based on the February 18, 2004 order of the Court of Appeals of Maryland, which suspended the respondent from the practice of law in Maryland for thirty days, effective as of that date. The Board on Professional Responsibility recommends identical reciprocal discipline, with the effective date of suspension to run, *nunc pro tunc,* from June 7, 2004, the date on which the respondent first filed a § 14(g) affidavit with this court. Neither respondent nor Bar Counsel has filed an exception to the Board's recommendation. Therefore, we adopt the recommendation of the Board. *See* D.C. Bar R. XI, § 9(g).

This matter grows out of the respondent's willful failure to file his own individual federal and state income tax returns over the course of three years, from 1998 to 2001. *See Attorney Grievance Comm'n v. O'Toole,* 379 Md. 595, 598–600, 843 A.2d 50, 52–53 (2004). While the Maryland Court of Appeals found that the respondent had made substantial estimated tax payments, it nevertheless found by clear and convincing evidence that his willful failure to file income tax returns constituted a violation of Maryland law, *see* MD. CODE ANN. TAX–GEN §§ 13–1007(a) and 13–1001(d) (1988, 1997 Repl.Vol., 2002 Supp.), and, therefore, of the Maryland Rules of Professional Conduct 8.4(b) (criminal act reflecting adversely on fitness) and (d) (conduct prejudicial to the administration of justice). Maryland imposed a suspension of thirty days, effective February 18, 2004, and this court suspended respondent on an interim basis by order of March 23, 2004.

Bar Counsel and the Board on Professional Responsibility recommend reciprocal discipline, pursuant to D.C. Bar XI, § 11(f)(2). The respondent does not oppose that recommendation. Willfully failing to file income tax returns constitutes misconduct in this jurisdiction. *See In re Levitt,* 724 A.2d 1206, 1207 (D.C.1999).

The respondent having taken advantage of the opportunity to litigate this issue before the Maryland Court of Appeals,[1] we accept the Board's recommendation of thirty days reciprocal suspension. *See In re Zdravkovich,* 831 A.2d 964, 968–69 (D.C.2003) (deference accorded to other jurisdictions which have already afforded the attorney a full disciplinary proceeding); *In re Cole,* 809 A.2d 1226, 1227 n. 3 (D.C.2002) (where attorney does not oppose, "the imposition of identical discipline should be close to automatic, with minimum review by both the Board and this court").

■ A question remains, however, of the effective date of the suspension. The respondent requests suspension effective February 18, 2004, concurrent with his suspension in Maryland. Though he did timely report his Maryland discipline to this jurisdiction on February 25, 2004, as required by D.C. Bar Rule XI, § 11(b), it was not until June 7, 2004,[2] that he filed the affidavits required by D.C. Bar Rule XI, § 14(g) (demonstrating full compliance with notice requirements of Rule XI) and *In re Goldberg,* 460 A.2d 982, 985 (D.C. 1983) (certifying that he was not practicing in this jurisdiction at the time of the foreign discipline). When an attorney fails to file a § 14(g) or *Goldberg* affidavit within ten days of this court's interim suspension

order, discipline will be imposed *nunc pro tunc* only to the date when the attorney files the necessary affidavits. *See* D.C. Bar R. XI, §§ 14(g)-(h), 16(c); *In re Glass,* 805 A.2d 236, 236 n. 1 (D.C.2002) (citing *In re Cornish,* 691 A.2d 156, 158 n. 3 (D.C.), *cert. denied,* 522 U.S. 867, 118 S.Ct. 176, 139 L.Ed.2d 117 (1997); *In re Slosberg,* 650 A.2d 1329, 1331–33 (D.C.1994)). Because respondent did not do so, the earliest this court could grant discipline *nunc pro tunc* would be June 7, 2004.

■ The Board, however, found the respondent's § 14(g) affidavits to be deficient because neither of them, according to the Board, demonstrated full compliance with the client notice requirements. The Board recommended that the respondent be afforded the opportunity to file a supplement to his § 14(g) affidavit, to be considered *nunc pro tunc* to June 7, 2004, provided he filed it within ten days of the Board's Report.[3] Though the respondent filed a supplement to his affidavit, he did not do so until over two months after the Board filed its Report. Nevertheless, neither Bar Counsel nor the Board opposed the respondent's motion to the court to file the supplemental affidavit *nunc pro tunc* to June 7, 2004, and as a result this court granted his motion on March 10, 2005. On

---

1. The Maryland Court of Appeals based its findings on an evidentiary hearing held on August 18, 2003, in which the respondent fully participated.

2. The respondent in fact filed two § 14(g) affidavits: one mailed June 4, 2004 was received and filed on June 7, while the one mailed earlier, on May 27, was received and filed on June 18. The Board states in its Report that the minor differences between the two affidavits are immaterial and recommends June 7, 2004 as the operative date on which the respondent filed his § 14(g) affidavit for purposes of considering *nunc pro tunc* imposition of discipline. We accept the Board's recommendation.

3. Ordinarily, core deficiencies in the § 14(g) affidavit cannot be corrected by supplement. *See Slosberg,* 650 A.2d at 1332. Since the Board found evidence in the respondent's affidavits, however, that the respondent simply had no clients to whom to give notice, the Board noted that there would be no prejudice in allowing the respondent to file a supplement to his affidavit to explicitly state so. *See In re Gardner,* 650 A.2d 693, 697 (D.C.1994) (respondent allowed to supplement deficient affidavit of notice requirement compliance where evidence showed the respondent had no clients or parties to whom to give notice).

its face, the supplement to the affidavit appears to respond to the Board's concern, and we have received no further representations to the contrary from Bar Counsel or the Board. We conclude, therefore, that reciprocal discipline of thirty days' suspension should run from June 7, 2004.

Accordingly, it is

ORDERED, that Thomas O'Toole is suspended from the practice of law in the District of Columbia for thirty days, effective June 7, 2004.

*So ordered.*