*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 22-BG-182**

IN RE STUART J. ROBINSON,

**2022 DDN 7**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 200758**

BEFORE: Beckwith and Deahl, Associate Judges, and Washington, Senior Judge.

## O R D E R
(FILED— June 2, 2022)

On consideration of the certified order from the state of Vermont transferring respondent to disability inactive status indefinitely; this court's April 5, 2022, order directing respondent to show cause why he should not be suspended based upon a disability pursuant to D.C. Bar R. XI, § 13; and the statement of Disciplinary Counsel; and it appearing that respondent has not filed a response or his D.C. Bar R. XI, § 14(g) affidavit, it is

ORDERED that Stuart J. Robinson is hereby indefinitely suspended from the practice of law in the District of Columbia pursuant to D.C. Bar R. XI, § 13(e). *See In re Sibley*, 990 A.2d 483, 487 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate); *In re Stanley*, 769 A.2d 141 (D.C. 2001) (disability suspension is the functional equivalent of inactive status based on disability). It is

FURTHER ORDERED that for purposes of reinstatement, respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

## PER CURIAM