*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 23-BG-0481**

IN RE PETER G. ANGELOS,

**DDN:** 047-23

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 417859**

BEFORE: McLeese and Deahl, Associate Judges, and Washington, Senior Judge.

### O R D E R
(FILED—August 10, 2023)

On consideration of the certified order from the state of Maryland transferring respondent to disability inactive status by consent; this court's June 16, 2023, order suspending respondent pending final disposition of this proceeding and directing him to show cause why he should not be suspended based upon a disability pursuant to D.C. Bar R. XI, § 13; and the statement of Disciplinary Counsel, in which he requests that respondent's reinstatement be conditioned upon his reinstatement in Maryland; and it appearing that respondent has not filed a response or his D.C. Bar R. XI, § 14(g) affidavit; and it further appearing that respondent has not opposed the proposed reinstatement condition, it is

ORDERED that Peter G. Angelos is hereby indefinitely suspended from the practice of law in the District of Columbia pursuant to D.C. Bar R. XI, § 13(e) with reinstatement conditioned upon his reinstatement in the state of Maryland. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate); *In re Stanley*, 769 A.2d 141 (D.C. 2001) (disability suspension is the functional equivalent of inactive status based on disability). It is

No. 23-BG-0481

FURTHER ORDERED that for purposes of reinstatement, respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**