*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 23-BG-0956**

IN RE RONALD ANDRE STEWART,
                Respondent.                  **DDN:** 2023-D087
An Administratively Suspended Member
of the Bar of the District of Columbia Court of Appeals

**Bar Registration No. 490341**

BEFORE: Deahl and Shanker, Associate Judges, and Fisher, Senior Judge.

### O R D E R
(FILED— February 1, 2024)

On consideration of the certified order from the state of Tennessee transferring respondent to disability inactive status by consent; this court's November 27, 2023, order maintaining respondent's suspension pending final disposition of this proceeding and directing respondent to show cause why he should not be suspended based upon a disability pursuant to D.C. Bar R. XI, § 13; and the statement of Disciplinary Counsel, in which he requests that respondent's reinstatement be conditioned upon his reinstatement in Tennessee; and it appearing that respondent has not filed a response or his D.C. Bar R. XI, § 14(g) affidavit; and it further appearing that respondent has not opposed the proposed reinstatement condition, it is

ORDERED that Ronald Andre Stewart is hereby indefinitely suspended from the practice of law in the District of Columbia pursuant to D.C. Bar R. XI, § 13(e). Reinstatement is subject to the requirements of D.C. Bar R. XI, § 13(g) and respondent's reinstatement in Tennessee. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate); *In re Stanley*, 769 A.2d 141 (D.C. 2001) (disability suspension is the functional equivalent of inactive status based on disability). It is

No. 23-BG-0956

FURTHER ORDERED that for purposes of reinstatement, respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**