In re Nnamdi O. ANYA, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 464648).

Nos. 04–BG–525, 04–BG–1147.

District of Columbia Court of Appeals.

Submitted March 24, 2005.

Decided April 14, 2005.

Before: WAGNER, Chief Judge, REID and GLICKMAN, Associate Judges.

PER CURIAM:

The Board on Professional Responsibility (Board) recommends that Nnamdi O. Anya be disbarred from the practice of law in the District of Columbia for multiple disciplinary violations. The Board determined that the findings of fact and conclusions of law made by the Hearing Committee with respect to the violations, to which no exceptions were filed, are supported by substantial evidence in the record as a whole, and therefore adopted them as its own. *See In re Micheel,* 610 A.2d 231, 234 (D.C.1992) (The Board accepts the Hearing Committee's findings if supported by substantial evidence in the record as a whole.). Consistent with this determination, the Board recommends that this court find that respondent violated the following District of Columbia Rules of Professional Conduct: (1) Rule 1.3(c) (requiring reasonable promptness in representing a client); (2) Rule 1.4(a) (keeping a client reasonably informed about the status of a matter and complying with reasonable requests for information); (3) 1.16(d) (taking timely steps to protect a client's interest upon termination, including the refund of any unearned advances); (4) Rule 3.3(a) (requiring candor toward the tribunal); (5) 4.1(a) (knowingly making a false statement of material fact or law to a third person); (6) Rule 5.5(a) (practicing law in another jurisdiction in violation of its regulations); (7) Rule 7.1(a)(1) (making false or misleading communications about the lawyer's services); (8) 8.1(b) (failing to respond reasonably to a lawful demand by disciplinary authority for information); (9) Rule 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); (10) Rule 8.4(d) (conduct seriously interfering with the administration of justice); and (11) D.C. Bar R. XI, § 2(b)(3) (failing to comply with an order of the court or Board). In recommending disbarment, the Board differed from the Hearing Committee which had recommended a three-year suspension. The Board concluded that the Committee's recommended suspension would be inconsistent with sanctions in cases involving similar misconduct and that disbarment was appropriate under the circumstances, along with the payment of restitution.

 "A recommendation of the Board on Professional Responsibility with respect to a proposed sanction comes to us with a strong presumption in favor of its imposition." *In re Goffe,* 641 A.2d 458, 463 (D.C. 1994) (citing *In re Hutchinson,* 534 A.2d 919, 924 (D.C.1987) (en banc)). While sanction is ultimately the responsibility of the court, "if the Board's recommended sanction falls within a wide range of acceptable outcomes, it will be adopted and imposed." *Id.* at 463–64. Considering the relevant factors, we conclude that the sanction recommended by the Board is warranted and consistent with discipline in similar circumstances. *See id.* at 464 (Factors relevant to sanction include (1) the nature of the violation, (2) mitigating and aggravating circumstances, (3) protection of the public, court and legal profession, and (4) the moral fitness of the attorney.); *see also id.* at 460–61 (disbarring attorney for pattern of dishonesty and fabrication of evidence). Here, neither respondent nor Bar Counsel have filed exceptions in this court to the Board's report and recommendation. "[I]n such circumstances, our review of the Board's recommendation is 'especially deferential.'" *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997) (quoting *In re Jeffries,* 685 A.2d 1165 (D.C.1996) (cit-

ing *In re Goldsborough,* 654 A.2d 1285, 1288 (D.C.1995))). Therefore, it is

ORDERED that respondent, Nnamdi O. Anya, be, and hereby is disbarred from the practice of law in the District of Columbia effective thirty days from the date of this order; it is

FURTHER ORDERED that, as a condition of reinstatement, the respondent pay restitution to his former clients as follows: (1) to Mr. Delante Sharpe, $500 plus interest at 6% per annum, compounded quarterly from May 24, 2002, the date that the client discharged respondent; and (2) to Mr. Terrence Russell, $750 with interest at 6% per annum compounded quarterly and calculated from July 12, 2002, the date the client discharged respondent. *See* D.C. Bar Rule XI, § 3(b).

*So ordered.*