*347 |,ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, John Joseph Arbour, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.
UNDERLYING FACTS
In the latter part of 1999, Lydia Tambu-rello (“Lydia”), an elderly friend of respondent’s family, hired respondent to handle the succession of her brother, Salvador Tamburello (“Salvador”). Respondent did not have a fee agreement with his client.
On September 29, 1999, respondent filed a petition for probate on behalf of Lydia in Succession of Salvador S. Tamburello, No. 99-15651 on the docket of the Orleans Parish Civil District Court. Lydia was appointed executrix by court order dated October 4, 1999. Thereafter, respondent handled the liquidation of Salvador’s assets, which included bonds and several pieces of property. However, he allowed one of the succession properties to be sold at a sheriffs sale because $553.52 in taxes were not paid in 2001. Without court approval, respondent made a partial distribution of succession assets and paid succession debts. A $50,000 check issued to August Tamburello, Jr. (“August”) was returned due to insufficient funds in the succession account. Respondent also issued a succession check payable to the Internal Revenue ^Service in the amount of $5,000 on April 17, 2000. He issued another succession check payable' to the Internal Revenue Service in the amount of $150,000 on June 20, 2000. Finally, respondent issued a succession check payable to the Louisiana Department of Revenue in the amount of $60,000 on June 20, 2000. He did not prepare or file tax returns in support of these payments. He also took $40,000 in attorney’s fees between March and September 2000 without court approval.
Salvador was survived by his wife, Ros-ine Gallo Tamburello (“Rosine”), an interdict, who was represented in the succession proceedings by Richard Verlander. On March 20, 2000, Mr. Verlander submitted a community property claim on behalf of Rosine, to which respondent failed to respond. He also failed to respond to Mr. Verlander’s repeated requests for a descriptive list and accounting of assets. In a further attempt to obtain respondent’s cooperation, Mr. Verlander filed three pleadings into the succession proceeding on behalf of Rosine. These matters were set for hearing on December 1, 2000. Respondent indicated he would cooperate with Mr. Verlander, and the hearing was continued without date. However, respondent failed to cooperate, and the hearing was reset for January 26, 2001. At the hearing, respondent was ordered to provide responses to all previous discovery requests and submit a judgment of possession as to Rosine’s interests by February 15, 2001. Respondent failed to comply with the order, and eventually an attachment was issued for him. On April 18, 2001, the court ordered respondent to submit a judgment of possession and accounting as to Rosine’s interests within thirty days. Respondent failed to comply with the order but tendered checks totaling $600,000 to settle Rosine’s claim against the succession without consulting Lydia or obtaining the court’s approval. Conse *348 quently, Mr. Verlander filed a notice of probable overpayment.
| oln November 2001, Jacqueline Mae Goldberg enrolled as counsel for the executor of Salvador’s estate, and respondent’s representation was terminated. That same day, August replaced Lydia as executor. Thereafter, Ms. Goldberg requested financial records and information from respondent concerning succession transactions. Respondent failed to supply the requested information. The issue was addressed in a February 1, 2002 hearing on a rule to show cause, which respondent failed to attend. At that time, judgment was rendered ordering respondent to produce the requested information within five days of being served with notice. Respondent failed to comply with the court order.
August filed a disciplinary complaint against respondent on November 13, 2002, and Ms. Goldberg provided follow-up information to the ODC.[1] Respondent failed to respond to two notices of the complaint, necessitating the issuance of a subpoena to obtain his sworn statement. During the April 20, 2003 sworn statement, respondent indicated, among other things, that he was no longer practicing law and was now working as an accountant.
On September 3, 2003, Ms. Goldberg filed a petition for accounting in a proceeding captioned Succession of Salvador S. Tamburello v. John J. Arbour, No. 598-661 on the docket of the 24th Judicial District Court for the Parish of Jefferson. On January 24, 2004, respondent entered into a settlement agreement wherein he Lsigned a $30,000 promissory note payable to the Succession of Salvador Tamburello due within thirty days and agreed to pay court costs in the amount of $250. After receiving notice on February 26, 2004 that he was in default of the promissory note, respondent delivered two checks for the full amount of the settlement to Ms. Goldberg the following day. Thereafter, Ms. Goldberg requested that the court dismiss the petition for accounting.
Finally, respondent was ineligible to practice law from September 1, 2000 to December 29, 2000 for failing to pay his bar dues and the disciplinary assessment. Respondent has also been ineligible to practice law since July 26, 2001 for failing to comply with mandatory continuing legal education requirements. These periods of ineligibility coincide with his handling of the succession matter.
DISCIPLINARY PROCEEDINGS
On February 2, 2004, the ODC filed one count of formal charges against respondent, alleging that his conduct violated the following Rules of Professional Conduct: Rules 1.1 (failure to provide competent representation to a client), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(a)(b)(f) (fee arrangements), 1.14(a) (client under a disability), 1.15 (safekeeping property of clients or third persons), 1.16(a)(d) (declining or terminating representation), 3.2 (failure to make reasonable efforts to expe *349 dite litigation), 3.4(a) (obstructing another party’s access to evidence), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the lRadministration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation).
Respondent failed to answer or otherwise reply to the formal charges served upon him by certified mail on February 6, 2004. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Recommendation

After considering the ODC’s submission in response to the deemed admitted order, the hearing committee found that respondent issued succession checks without court approval or supporting documentation, including taking a $40,000 fee without a fee arrangement. Respondent also failed to provide a suitable accounting and failed to comply with various court orders. When Ms. Goldberg replaced respondent, he failed to turn over succession financial records and information concerning succession transactions despite both formal and informal requests. Finally, the committee found that respondent has been ineligible to practice law since July 26, 2001 and practiced law without authority to do so during part of his representation.
Based on these factual findings, the committee determined that respondent violated Rules 1.1,1.3,1.4,1.5,1.14, 1.15, 1.16, 3.2, 3.4, 8.1, and 8.4 of the Rules of Professional Conduct. Respondent knowingly violated duties owed to his clients and the legal system. His pattern of failing to respond to both formal and informal requests for information and documentation delayed the succession and prompted an | ^elderly executor to initiate a civil action to obtain an accounting for the recovery of assets. Suspension is the baseline sanction according to the ABA’s Standards for Imposing Lawyer Sanctions.
The committee found that the following aggravating factors are present: bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, and indifference to making restitution. Absence of a prior disciplinary record was the sole mitigating factor found by the committee.
Under these circumstances and considering prior jurisprudence, the committee recommended that respondent be suspended from the practice of law for two years.
Neither respondent nor the ODC objected to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing this matter, the disciplinary board found that the factual allegations contained in the formal charges were proven by clear and convincing evidence. Based on the proven facts, the board determined that respondent violated Rules 1.1, 1.3, 1.4, 1.5(a), 1.5(b), 1.5(f)(6) (failure to refund an unearned fee), 1.14(a), 1.15(b), 1.16(a), 1.16(d), 3.2, 3.4(a), 3.4(c), 8.1(c), 8.4(a), 8.4(c), 8.4(d), and 8.4(g) of the Rules of Professional Conduct.
*350 The board also determined that respondent knowingly, if not intentionally, violated duties owed to his clients, the legal system, and as a professional. His conduct caused serious actual harm to his client. His failure to cooperate harmed the profession, and his failure to provide competent and reasonably timely services |7harmed the legal system. The board adopted the aggravating and mitigating factors found by the hearing committee and determined that the baseline sanction is suspension under the ABA’s Standards for Imposing Lawyer Sanctions. The board also determined that prior jurisprudence supports a lengthy suspension.
Under these circumstances, the board recommended that respondent be suspended from the practice of law for two years. The board also recommended that respondent be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992).
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions I sthat flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
Based on the deemed admitted facts and other evidence in the record, we find respondent violated the Rules of Professional Conduct as charged. Respondent neglected a succession matter, charged an excessive fee without court approval then failed to promptly refund the unearned portion, issued checks from the succession account without court approval or supporting documentation, issued an NSF check from the succession account, failed to provide an accounting and information to other attorneys involved in the matter, disobeyed court orders, failed to cooperate with the ODC, and practiced law while ineligible.[2] Having found this professional misconduct, the sole issue presented for our consideration is the appropriate sanction.
In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon *351 the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s misconduct caused actual harm to his client and third persons, as well as undue delay in the succession and disciplinary proceedings. The baseline sanction for such misconduct is a suspension from the practice of law.[3]
19Several aggravating factors are present, including bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, and indifference to making restitution. The sole mitigating factor is respondent’s lack of a prior disciplinary record.
Considering the facts of this case in light of the aggravating and mitigating factors, we find the appropriate sanction for respondent’s misconduct is a two-year suspension from the practice of law.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that John Joseph Arbour, Louisiana Bar Roll number 22233, be and he hereby is suspended from the practice of law for a period of two years. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. In his complaint, August indicated that he is "disadvantaged with macular degeneration” and must have someone read and write for him. His main complaint was the $50,000 NSF check. In a January 30, 2004 letter, Ms. Goldberg informed the ODC of the following:
From what I understand, Mr. John Arbor [sic] had total control of the succession account. All Ms. Lydia Tamburello did was sign several checks in blank which remained under Mr. Arbor’s [sic] custody and control.
From what I am led to believe by Mr. August Tamburello, his sister, Lydia, was aged and infirmed and had no idea of what was going on. She depended and relied upon Mr. Arbor [sic] for the administration of all matters.

. The court record of the Succession of Salvador S. Tamburello reveals that respondent filed a Petition for Authority to Sell Immovable Property at Private Sale on December 5, 2000 while he was ineligible to practice law for failing to pay his bar dues and the disciplinary assessment.

. See, e.g., In re: Bonnette, 01-1401 (La.6/29/01), 791 So.2d 68 (attorney suspended for one year and one day for neglecting a succession matter for nine years, failing to communicate with his client, failing to expedite litigation, and failing to cooperate with the ODC in its investigation), In re: Decker, 01-0968 (La.6/22/01), 790 So.2d 617 (attorney suspended for one year and one day for neglecting a succession matter, misrepresenting the status of the matter to his client, failing to communicate with his client, failing to provide an accounting, and failing to refund an unearned fee), and In re: Smith, 00-2627 (La. 11/27/00), 775 So.2d 1 (attorney suspended for one year and one day for neglecting two succession matters, failing to communicate with his clients, failing to provide ac-countings or refund unearned fees, failing to cooperate with the ODC, and attempting to practice law while ineligible).