**In re Carl E. ZENTZ, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**Nos. 04–BG–1206, 04–BG–1347.**

District of Columbia Court of Appeals.

Feb. 2, 2006.

Before: FARRELL and FISHER, Associate Judges, and KING, Senior Judge.

PER CURIAM:

In these consolidated disciplinary proceedings against respondent Carl E. Zentz, a member of the Bar of the District of Columbia Court of Appeals, the Board on Professional Responsibility ("Board") has recommended to this court that reciprocal and functionally identical discipline be imposed in the form of a public censure. No exceptions to the Board's Report and Recommendation have been filed.

On September 19, 2002, the Court of Appeals of Maryland reprimanded respondent, by consent, for disciplinary violations in which he acknowledged violating Maryland Rules of Professional Conduct 1.1 (competence), 1.2(d) (scope of representation), 3.1 (meritorious claims and contentions), 3.3(a) (candor toward tribunals), 3.4(c) (knowingly disobeying an obligation

under the rules of a tribunal); 5.5(b) (unauthorized practice of law), 8.4(a) (inducing or assisting another to violate rules of professional conduct), 8.4(c) (dishonesty), and 8.4(d) (conduct prejudicial to the administration of justice). *Attorney Grievance Comm'n v. Zentz*, 371 Md. 152, 807 A.2d 48 (2002). The sanctions arose in essence from respondent having assisted a disbarred attorney in filing papers in the United States Bankruptcy Court. On April 23, 2003, the United States District Court for the District of Maryland ("Maryland District Court") reprimanded respondent based on the same misconduct disciplined by the Court of Appeals of Maryland. The Maryland District Court also barred him from practice before any Bankruptcy Court of the United States. Respondent consented to the discipline.[1] On October 1, 2004, Bar Counsel reported the discipline imposed by the Court of Appeals of Maryland. On November 2, 2004, Bar Counsel reported the Maryland District Court discipline. On October 13, 2004 and November 15, 2004, this court issued orders directing Bar Counsel to inform the Board of her position regarding reciprocal discipline or whether to proceed de novo. Bar Counsel recommended the functionally equivalent reciprocal discipline of a public censure for both matters. Respondent has not filed a response nor participated in these proceedings. On January 5, 2006, this court consolidated *sua sponte* both matters.

■■ In its report and recommendation, the Board found that the record supported the imposition of reciprocal discipline. In cases like this, where neither Bar Counsel nor the respondent opposes reciprocal discipline, " 'the most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself.' " *In re Childress*, 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann*, 711 A.2d 1262, 1265 (D.C.1998)). Here, there was no miscarriage of justice in the Maryland proceedings as the record reveals that respondent was not denied due process and respondent was represented by counsel when he voluntarily consented to both disciplines. The Board also noted that the Maryland District Court order barring respondent from practice before all United States Bankruptcy Courts should not be the discipline upon which this reciprocal discipline is based as it does not fall within the range of sanctions imposed in this jurisdiction for similar misconduct.[2] Further, this court has held that censure in the District of Columbia is the functional equivalent of a reprimand by the Maryland Court of Appeals. *See, e.g., In re Miller*, 883 A.2d 105 (D.C.2005); *In re Bridges*, 805 A.2d 233, 234 (D.C.2002); *In re Greenberg*, 762 A.2d 42, 42 (D.C.2000) (*per curiam*).

---

1. The Maryland District Court Order states that respondent consented to the discipline.

2. Although violations of the unauthorized practice rule, without more, normally justify the sanction of at most a public reprimand, *see, e.g., In re Kennedy*, 542 A.2d 1225 (D.C. 1988), respondent's misconduct appears to have been somewhat aggravated by his allowing a disbarred attorney to sign his name to papers filed in court—conduct that no doubt formed the basis of his agreement to a finding of dishonesty. Nevertheless, no clear findings by the Maryland courts exist in the record before us concerning respondent's state of mind or culpability in assisting the disbarred attorney, and—importantly—Bar Counsel has taken no exception to the Board's recommendation that public censure is commensurate with the gravity of respondent's behavior. In these narrow circumstances, we conclude that no further consideration by the Board of the seeming leniency of a public censure for the conduct is advisable.

Since no exception has been taken to the Board's report and recommendation, the court gives heightened deference to its recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). As we find support in the record for the Board's findings, we accept them, and adopt the sanction the Board recommended. Accordingly, it is

ORDERED that Carl E. Zentz be, and hereby is, publicly censured.

*So ordered.*