In re Susan M. **ROBBINS**, Respondent.

**A Member of the Bar of the District of Columbia Court of Appeals Bar Registration (Bar Registration No. 428167).**

No. 06–BG–575.

District of Columbia Court of Appeals.

Decided Dec. 7, 2006.

Before RUIZ and GLICKMAN, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

Respondent, Susan M. Robbins, was publicly censured by the Supreme Court of Arizona for making a false representation to a trial court in that state when seeking an extension of time to answer a complaint. Specifically, respondent stated

that settlement negotiations had begun when in fact they had not; they did begin soon thereafter, but had not at the time she made the representation to the court. Respondent admitted that her conduct violated Arizona Ethical Rules 3.3(a)(1) (false statement of material fact or law to a tribunal) and 8.4(d) (conduct prejudicial to the administration of justice), and she entered into an agreement for discipline by consent with the Arizona bar authorities. As a result, respondent was publicly censured on February 27, 2006. Because she is also a member of our bar, the Office of Bar Counsel reported the discipline to this court and we issued an order directing the Board on Professional Responsibility ("Board") to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline, or whether it would proceed *de novo*.

The Board has submitted a report that concludes Arizona Ethical Rule 3.3(a)(1) is the same as our Professional Conduct Rule 3.3(a)(1) and recommends the imposition of identical reciprocal discipline. The Board declined to consider whether respondent's conduct violated our Rule 8.4(d) because it concluded our rule is different from Arizona's in requiring the conduct to "seriously interfere[ ]" with the administration of justice. Bar Counsel objects to this interpretation and notes, correctly, that Comment 2 to Rule 8.4(d) rule states that it includes conduct proscribed under the previous Code of Professional Responsibility under DR 1–102(A)(5) as "prejudicial to the administration of justice." But we need not, and do not, express any opinion on either interpretation since neither respondent [1] nor Bar Counsel has filed any exception to the Board's report and recommendation.

---

1. Respondent did object to the imposition of identical reciprocal discipline before the Board and attempted to resign from the D.C. Bar. But she has not participated further in

A public censure is within the range of sanctions appropriate to this circumstance. *See In re Zentz*, 891 A.2d 277 (D.C.2006); *In re Benjamin*, 698 A.2d 434 (D.C.1997). In light of this, as well as the strong presumption favoring identical reciprocal discipline, *In re Zilberberg*, 612 A.2d 832 (D.C.1992), and our heightened deference to the Board's recommendation when, as here, it is unopposed, D.C. Bar R. XI, § 11(f); *In re Anya*, 871 A.2d 1181, 1182 (D.C.2005), we accept the Board's report and recommendation, and it is

ORDERED that Susan M. Robbins be and is hereby publicly censured.

*So ordered.*

this proceeding, and we agree with the Board's report that her attempted resignation was insufficient and has no effect on this case.