**In re Eugene H. STEELE, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 168112).**

**No. 04–BG–429.**

District of Columbia Court of Appeals.

Submitted Dec. 12, 2006.

Decided Jan. 11, 2007.

Before FISHER and THOMPSON, Associate Judges, and FERREN, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility recommends that we impose reciprocal discipline on Eugene H. Steele in the form of a public censure, the functional equivalent of the public reprimand approved by the Supreme Court of Florida. Although respondent has filed exceptions to the Board's Report, and a brief in opposition, we accept the Board's recommendation.

## I.

On April 4, 2003, the Supreme Court of Florida ordered that respondent receive a public reprimand. That disciplinary proceeding arose out of respondent's representation of a friend in a dispute over the cost of dental work. After a formal hearing, a referee found that respondent sent his client's dentist a letter that was derogatory, demeaning, and threatening and that misstated the deadline for complying with a Florida statute. The referee concluded that respondent had violated Florida Bar Rules 4–4.4 and 4–8.4(d), and the Supreme Court of Florida approved his report in full, directing the Board of Governors of the Florida Bar to administer a public reprimand.

■ Under D.C. Bar R. XI, § 11(f)(2), there is a rebuttable presumption in favor of the imposition of identical discipline unless the respondent demonstrates, or the court finds on the face of the record, by clear and convincing evidence that one or more of the five exceptions set forth in D.C. Bar R. XI, § 11(c) applies. *See In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992). Respondent invokes the first two exceptions, arguing that

(1) The procedure [in Florida] was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; . . .

[and]

(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject. . . .

D.C. Bar R. XI, § 11(c)(1) and (2). We reject respondent's arguments.

## II.

■ The record demonstrates that respondent had notice of the charges and participated in the pre-hearing proceedings. However, he knowingly and voluntarily chose not to attend the hearing, instead sending a letter explaining: "I have reviewed the Florida Bar Rules and I find no requirement tha[t] I attend the Final Hearing if not Subpoenaed or Noticed. Therefore I will not attend." He now asserts that he could not ethically attend the hearing because, if he did, he would have been forced to reveal his case strategy and impeachment evidence in the underlying civil action. This is a false dilemma. As the Board points out in its Report, respondent "could have declined to testify on any matter that was privileged or protected by the attorney work product doctrine." Moreover, it appears that respondent did not raise this alleged "conflict" in the Florida proceedings, and it is too late to raise it now. His additional arguments regarding Florida Bar Counsel's proposed form of order are waived because he did not present them to the Board. *See In re Holdmann*, 834 A.2d 887, 889 (D.C.2003).

■ Respondent did send his client to the hearing, but he had made no arrangements to have him called as a witness, and the referee did not violate due process by refusing to accept a statement from the client. Moreover, the client's statement (previously proffered) addressed the merits of his dispute with the dentist, but did not provide a defense to the disciplinary charges and would not have affected the outcome. Respondent was not deprived of due process in the Florida proceedings.

■ Respondent admits that he sent the letter in question, but insists there was nothing wrong with what he did. We have made it clear, however, that "reciprocal discipline proceedings are not a forum to reargue the foreign discipline." *In re Zdravkovich*, 831 A.2d 964, 969 (D.C.2003).

There was no infirmity of proof here. Perhaps respondent is attempting to invoke a different exception by asserting that his behavior "does not constitute misconduct in the District of Columbia." D.C. Bar R. XI, § 11(c)(5). If so, it is not clear that he presented this argument to the Board, and he certainly does not present a Board finding in his favor on this point. (Section 11(c) provides that "[u]nless there is a finding by the Board under (1), (2), or (5) above that is accepted by the Court, a final determination by a disciplining court outside the District of Columbia ... that an attorney has been guilty of professional misconduct shall conclusively establish the misconduct for the purpose of a reciprocal disciplinary proceeding in this Court.")

A public censure is functionally equivalent to the public reprimand issued by direction of the Supreme Court of Florida. *In re Macci,* 815 A.2d 1292 (D.C. 2003); *In re Kirkiles,* 779 A.2d 357 (D.C. 2001). Accordingly, it is

ORDERED that Eugene H. Steele be, and hereby is, publicly censured.

*So ordered.*