**In re Stephen M. ZUKOFF, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 365116).**

**No. 06–BG–1068.**

District of Columbia Court of Appeals.

Decided May 17, 2007.

Before FARRELL and GLICKMAN, Associate Judges, and TERRY, Senior Judge.

PER CURIAM:

Respondent, Stephen M. Zukoff, is a member of the bar of this court, and the States of Florida and New York. On May 18, 2006, respondent was publicly reprimanded by the Supreme Court of Florida for violating Florida Rules of Discipline 3–4.3 (Misconduct and Minor Misconduct), and Florida Rules of Professional Conduct 4–4.4 and 4–8.4(d), in connection with his representation of clients in a professional malpractice case and a tenant eviction case.[1] Bar Counsel filed a certified copy of the Florida reprimand order with this court, and we referred the matter to the Board on Professional Responsibility ("Board") to either recommend whether identical, greater or lesser discipline should be imposed as reciprocal discipline, or determine whether the Board should proceed *de novo*.

The Board concluded that respondent's conduct warrants reciprocal discipline in this jurisdiction, and recommends a public censure, a sanction functionally equivalent to the public reprimand issued in Florida. *See In re Steele*, 914 A.2d 679, 682 (D.C. 2007). Our deference to the Board's recommendation is heightened because neither Bar Counsel nor respondent opposes it. *See* D.C. Bar R. XI, § 9(g)(2); *In re Sumner*, 762 A.2d 528, 530 (D.C.2000); *In re Delaney*, 697 A.2d 1212, 1214 (D.C. 1997). We find substantial support in the record for the Board's findings, and, accordingly, we accept them. *See* D.C. Bar R. XI, § 9(g)(1). Accordingly, it is

ORDERED that Stephen M. Zukoff be and hereby is publicly censured.

*So ordered.*

---

1. Respondent entered a conditional guilty plea to the cited offenses and consented to the reprimand with special conditions, including completing the Florida Bar's professionalism workshop within six months of the order, initiating an evaluation by Florida Lawyer's Assistance, Inc. ("FLA") within 30 days, executing a contract with and complying with any terms imposed by FLA, and paying any associated costs.