In re John O. IWEANOGE,
Respondent.

A Member of the Bar of the District of
Columbia Court of Appeals (Bar
Registration No. 439913).

Nos. 05–BG–1217, 06–BG–1079.

District of Columbia Court of Appeals.

Submitted May 10, 2007.
Decided May 24, 2007.

Before REID and BLACKBURNE–
RIGSBY, Associate Judges, and KING,
Senior Judge.

PER CURIAM:

Respondent, John O. Iweanoge, a member of the bar of this court, the State of Maryland and the Commonwealth of Virginia, was initially publicly reprimanded by the Circuit Court for Arlington County, Virginia. The Virginia court found that respondent engaged in a pattern of conduct whereby he authorized a non-lawyer employee to sign pleadings and endorse orders in violation of Rules 1:4 and 1:5 of the Rules of the Supreme Court of Virginia.[1] The public reprimand included additional terms and imposition of a 60–day suspension should respondent fail to comply with the terms. Respondent filed an appeal in Virginia and notified this court of the pending appeal and suggested that consideration of any reciprocal discipline be delayed until resolution of his Virginia Appeal.

Upon notice from Bar Counsel, we referred the matter to the Board on Professional Responsibility ("Board") to recommend whether identical, greater or lesser discipline should be imposed as reciprocal discipline. Bar Counsel subsequently notified the Board that respondent failed to perfect his Virginia appeal and as a result the Board issued a report and recommendation that respondent receive functionally equivalent discipline of public censure. Respondent opposed that finding initially, appeal No. 05–BG–1217, claiming that public censure was not functionally equivalent, but a more severe sanction.

While that appeal was proceeding, appellant was publicly censured by the State of Maryland. The Maryland Court found that respondent violated Maryland Rules of Professional Conduct 1.1; 1.3; and, 1.4 stemming from representation of three clients. Respondent failed to self-report the sanction, and Bar Counsel filed a copy of the Maryland disciplinary order with this court. We once again referred the matter to the Board and the Board issued a report and recommendation that respondent receive the functionally equivalent discipline of public censure, thus generat-

---

1. Additionally, respondent was found to have violated Rules 1.1; 3.4(d); 5.3(a),(b),(c)(1); 5.5(a)(2); and 8.4(a) of the Virginia Rules.

ing appeal No. 06–BG–1079. Respondent filed a motion to consolidate these two matters and to withdraw the exception filed in No. 05–BG–1217. This court granted the motion, consolidated the appeals, and noting that respondent withdrew his exception, removed appeal No. 05–BG–1217 from the regular calendar.

In both cases, the Board concluded that respondent's conduct in Virginia and Maryland warranted reciprocal discipline in this jurisdiction, and recommended a public censure, a sanction functionally equivalent to the public reprimand. *See In re Zentz*, 891 A.2d 277, 278 (D.C.2006); *In re Bell*, 716 A.2d 205, 206 (D.C.1998). Our deference to the Board's recommendation is heightened because neither Bar Counsel nor respondent opposed it. *See* D.C. Bar R. XI, § 11(f)(1); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). We find substantial support in the record for the Board's findings, and accordingly, we accept them. *See* D.C. Bar R. XI, § 11(f)(1).[2] We also agree that a public censure is a reasonable sanction in this case and is not inconsistent with discipline imposed in similar cases. *See, e.g., In re Teitelbaum*, 686 A.2d 1037 (D.C.1996). Accordingly, it is

ORDERED that John O. Iweanoge, Esquire be, and hereby is, publicly censured.

*So ordered.*

---

2. Since respondent withdrew his exception in appeal No. 05–BG–1217, we need not reach the issue whether a public reprimand was a lesser sanction because it was not issued by the "highest disciplinary body in Virginia."