■ In the Matter of STEPHEN M. ZUKOFF, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [839 NYS2d 921]—

Per Curiam. Respondent was admitted to practice by this Court in 1982. He maintains an office for the practice of law in Florida, where he was admitted to the bar in 1974.

By order dated May 18, 2006 (*Florida Bar v Zukoff*, 932 So 2d 194 [Fla 2006]), the Supreme Court of Florida publicly reprimanded respondent for having engaged in conduct that was prejudicial to the administration of justice by using litigation tactics that had no substantial purpose other than to embarrass, delay, or burden a third person. The Florida order required respondent to attend and successfully complete a professionalism workshop, be evaluated by the Florida Lawyers Assistance Program, and pay $2,000 in costs.

Petitioner moves for an order imposing reciprocal discipline pursuant to this Court's rules (*see* 22 NYCRR 806.19). Respondent has submitted papers in mitigation.

Respondent had no disciplinary history in Florida prior to the public reprimand. He states that he completed the professional workshop and paid the costs assessed against him, and the Florida Lawyers Assistance Program evaluated him but found no reason for further action. Respondent is also admitted to the District of Columbia bar, and the District of Columbia Court of Appeals imposed a reciprocal censure upon respondent by decision dated May 17, 2007 (*In re Zukoff*, 925 A2d 549 [DC 2007]).

We grant petitioner's motion. We further conclude, under the circumstances presented and in the interest of justice, that respondent should be reciprocally censured.

Mercure, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is reciprocally censured.