**In re Phillip T. HOWARD, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 457694).**

**No. 07–BG–75.**

District of Columbia Court of Appeals.

Decided Nov. 29, 2007.

---

Before FARRELL and REID, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

Following his stipulation and execution of a Conditional Guilty Plea for Consent Judgment, the respondent, Phillip T. Howard, was publically reprimanded by the Supreme Court of Florida for violating Florida Bar Rules 4–3.4(g) and 4–3.4(h).[1] Respondent, who is also a member of the Bar of this court, failed to report his discipline to this court as required by D.C. Bar R XI, § 11(b), but it was reported to us by Bar Counsel who learned of it from the American Bar Association National Lawyer Regulatory Data Bank. Accordingly, on March 13, 2007, we directed the Board on Professional Responsibility ("Board") to recommend whether identical, greater or lesser discipline should be imposed as reciprocal discipline or whether it would proceed *de novo* pursuant to D.C.Bar. R. XI, § 11.

The Board submitted its report on October 2, 2007, which recommends that we impose the functionally identical reciprocal discipline of a public censure.[2] Neither respondent nor Bar Counsel have taken any exception to this report and thus our deference to it is heightened. *See* D.C. Bar R. XI, § 11(f); *In re Anya,* 871 A.2d 1181, 1182 (D.C.2005). In light of this, and the presumption in favor of identical reciprocal discipline, *see In re Zilberberg,* 612 A.2d 832 (D.C.1992), we accept the Board's findings and recommendation. Accordingly, it is

ORDERED that Phillip T. Howard be and hereby is publicly censured.

*So ordered.*

---

1. These rules are equivalent to D.C. Bar R. 8.4(g), and the underlying conduct, respondent's improper threats that he would report opposing counsel and his client to the police and Bar authorities, would also have constituted a violation of our rule if it had occurred in this jurisdiction.

2. A public censure in this jurisdiction is functionally equivalent to the public reprimand imposed in Florida. *See In re Zukoff,* 925 A.2d 549 (D.C.2007).