**In the Matter of John R. HALLAL, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 444398).**

**No. 04–BG–839.**

District of Columbia Court of Appeals.

Submitted March 11, 2008.

Decided March 27, 2008.

Before REID, GLICKMAN, and KRAMER, Associate Judges.

**PER CURIAM:**

After respondent, John R. Hallal, filed a limited exception to the Board on Professional Responsibility's ("Board") September 30, 2005 Report and Recommendation, we remanded his case to the Board to determine whether he should be afforded *nunc pro tunc* treatment with respect to the effective date of his uncontested reciprocal suspension. Following remand, the Board recommended that respondent be suspended for five years from the practice of law in the District of Columbia, with the suspension to run *nunc pro tunc*, from June 23, 2003. We accept the recommendation of the Board.

**FACTUAL SUMMARY**

Mr. Hallal was admitted to the District of Columbia Bar, by motion, on December 2, 1994. He has never practiced law in the District of Columbia. Mr. Hallal practiced law as a member of the Massachusetts Bar from September 21, 1991 until June 23, 2003. On May 14, 2004, he was suspended indefinitely by the Massachusetts Supreme Judicial Court for Suffolk County, for improperly billing clients for his personal expenses over a number of years, as a partner in the Boston firm of Gadsby & Hannah, L.L.P. The suspension was ordered effective *nunc pro tunc* from June 23, 2003. On July 26, 2004, this Court suspended Mr. Hallal on an interim basis, pursuant to D.C. Bar R. XI, § 11(d) and directed the Board to recommend whether identical, greater or lesser discipline should be imposed as reciprocal discipline to the Massachusetts Bar's sanction. On September 30, 2005, the Board recommended that this Court impose "the functionally equivalent discipline of a five-year suspension with a requirement to prove fitness to practice as a condition of reinstatement." [1]

---

1. Although Mr. Hallal was suspended indefinitely by the Massachusetts Court, pursuant to Massachusetts Supreme Judicial Court Rule 4:01, § 18(2)(b), Mr. Hallal has the right to

While this matter was pending before this Court, Mr. Hallal filed a motion to extend time to file limited exceptions, asserting that he had not received any substantive pleadings from the District's Bar Counsel until October 24–28, 2005. Mr. Hallal also filed two affidavits-an "In re Goldberg Affidavit" and a "D.C. Bar Rule XI Section 14(g) Affidavit." In his first affidavit, he stated that his attorney and the Massachusetts Bar contacted the D.C. Bar, on his behalf, in or around July 2005, to inform them of the Massachusetts disciplinary proceedings and actions. However, correspondence from Bar Counsel and the Board was sent to his old address and he did not receive it. He also stated that he had not practiced law in the District of Columbia. In the second affidavit, he averred that in 2003, he notified all of his clients and opposing parties of his suspension by the Massachusetts court and that he had no clients or matters pending in the District of Columbia. Subsequently, Bar Counsel filed a consent motion and this Court remanded this matter back to the Board. The Board reaffirmed its previous recommendation of a five-year suspension with a fitness condition but also recommended the suspension commence, *nunc pro tunc*, from June 23, 2003.

## ANALYSIS

■ Citing *In re Goldberg*, 460 A.2d 982 (D.C.1983), Mr. Hallal argues that he qualifies for *nunc pro tunc* treatment because he (1) promptly notified DC Bar Counsel of the Massachusetts proceedings and (2) has never practiced law in the District of Columbia. Bar Counsel does not oppose Mr. Hallal's request for *nunc pro tunc* treatment.

■ "[T]his Court must accept the Board's findings of fact so long as they are

apply for reinstatement to the Massachusetts Bar after five (5) years.

supported by substantial evidence of record." *In re Evans*, 578 A.2d 1141, 1142 (D.C.1990) (citations omitted). "This Court [also] defers to the Board's recommended disposition unless the sanction is unwarranted or inconsistent with sanctions for comparable conduct." *In re Slosberg*, 650 A.2d 1329, 1330 (D.C.1994) (citing D.C. Bar Rule XI, § 9(g); *In re Mintz*, 626 A.2d 926, 927 (D.C.1993)). There is a rebuttable presumption favoring identical reciprocal discipline. *In re Weiss*, 940 A.2d 104 (D.C.2007) (citing *In re Goldsborough*, 654 A.2d 1285 (D.C.1995), D.C. Bar R. XI, § 11(g)).

In *Goldberg, supra,* we said:

If the attorney "promptly" notified Bar Counsel of any professional disciplinary action in another jurisdiction, as he or she is required to do under Rule XI, § 18(1), and if the attorney voluntarily refrains from practicing law in the District of Columbia during the period of suspension in the original jurisdiction, then there will probably be no reason to aggravate the discipline by making the District of Columbia suspension wholly or partially consecutive to that imposed elsewhere. 460 A.2d at 985.

We also added that an attorney is not eligible for *nunc pro tunc* treatment unless he or she filed a § 14(g) affidavit within ten days of our interim suspension order. *In re Glass*, 805 A.2d 236, n. 1 (D.C.2002).

Here, we agree with the Board that Mr. Hallal is eligible for *nunc pro tunc* treatment because he has never practiced law in the District of Columbia and the Massachusetts Bar Counsel notified the District of Columbia of his suspension on his behalf. Although, Mr. Hallal failed to file his § 14(g) affidavit within ten days of the July 26, 2004 interim suspension order because he did not receive documents from Bar Counsel and the Board,[2] we are satis-

2. As the Board notes, the mailing from Bar Counsel and the Board "was returned by the Postal Service as undeliverable"; and "Bar

fied with the Board's finding that Mr. Hallal did not deliberately withhold his correct address from Bar Counsel or take any action for the purpose of avoiding or defeating the District's jurisdiction over him. Accordingly, we impose reciprocal discipline, and it is

ORDERED that John R. Hallal be suspended from the practice of law in the District of Columbia for the period of five years, *nunc pro tunc* from June 23, 2003, with reinstatement in this jurisdiction conditioned on proof of fitness to practice.

*So ordered.*

Counsel ... accepts at least some of the responsibility for the failure of [the mailings] to reach respondent in a timely fashion."