## In re Christopher D. MATCHETT, Respondent.

### No. 08–BG–15.

District of Columbia Court of Appeals.

May 27, 2010.

Before THOMPSON, Associate Judge, and NEBEKER and TERRY, Senior Judges.

1. The trial court focused a good deal on analyzing an incorrect argument Baba made in his motion filed with Judge Beck. Baba apparently argued to Judge Beck that because he had obtained a reissue summons on July 14, 2008, he had until September 14 to effect service. This despite the fact that Judge Beck had already warned Baba in her September 5 dismissal that "Reissuance of a summons by the Clerk's Office does not extend the time for filing proof of service." Judge Long was troubled by Baba's disregard for this admonition, and she stated, "In good conscience, this Court certainly cannot ignore the plaintiff's

unwarranted reliance on the reissued summons." We cannot state that this consideration should have been irrelevant to the court's analysis, since we have held that the list of factors stated in *Wagshal* is not exhaustive. *See Gibson*, 941 A.2d at 1035 (court may properly consider "other factors" in determining good cause). We reiterate, however, that no one factor should be dispositive, and in analyzing "good cause why the case should not be dismissed," all factors should be taken into account in the larger context of prejudice and diligent efforts to comply with the rules.

## ORDER

PER CURIAM.

On consideration of the certified order and opinion of the Louisiana Supreme Court suspending respondent from the practice of law in that jurisdiction for two years, this court's March 24, 2010, order suspending respondent pending further action of the court and directing him to show cause why identical reciprocal discipline should not be imposed, and the statement of Bar Counsel regarding reciprocal discipline, and it appearing that respondent has failed to file a response either to this court's order to show cause or to the affidavit required by D.C. Bar R. XI, § 14(g), it is

ORDERED that Christopher D. Matchett, Esquire, is hereby suspended from the practice of law in the District of Columbia for a period of two years as identical reciprocal discipline. *See In re Ditton,* 980 A.2d 1170 (D.C.2009). It is

FURTHER ORDERED that respondent's reinstatement is hereby conditioned on respondent's full satisfaction of the conditions imposed pursuant to his Louisiana suspension and proof of his fitness to practice law. It is

FURTHER ORDERED that for purposes of reinstatement respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar. R. XI, § 14(g).