**In re Kimuel W. LEE.**

A Suspended Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 424701).

No. 12–BG–1428.

District of Columbia Court of Appeals.

Submitted April 23, 2013.
Decided June 6, 2013.

Kimuel W. Lee, Baton Rouge, LA, pro se.

William R. Ross, Assistant Bar Counsel, with whom Wallace E. Shipp, Jr., Bar Counsel, was on the brief, for the Office of Bar Counsel.

Before BECKWITH and McLEESE, Associate Judges, and RUIZ, Senior Judge.

PER CURIAM:

The Louisiana Supreme Court in April 2012 suspended respondent Kimuel Lee from practicing law in that state for two

years. *In re Lee*, 85 So.3d 74 (La.2012). The court determined that Mr. Lee committed misconduct in two unrelated matters: (1) failing to provide competent representation in a succession matter, charging and collecting an excessive fee, and failing to promptly remit funds to the heirs; and (2) notarizing his wife's forged signature on the bill of sale in a transaction Mr. Lee himself negotiated. *See id.* at 82. We now impose the same sanction.

After receiving notice of the Louisiana suspension, this court initiated reciprocal disciplinary proceedings against Mr. Lee, a member of the District of Columbia Bar since 1990. We temporarily suspended Mr. Lee from practicing law in this jurisdiction pending the outcome of the reciprocal proceeding and ordered him to show cause why we should not impose identical reciprocal discipline here. *See* D.C. Bar R. XI, § 11(d). We also ordered Bar Counsel to file a reply to Mr. Lee's response and, if it found identical discipline was not warranted, to either "recommend appropriate non-identical discipline" or "request that the matter be referred to the Board [on Professional Responsibility] for its recommendation as to discipline." *See* D.C. Bar R. XI, §§ 11(d) & (e).

Mr. Lee here opposes reciprocal discipline and claims his case falls under each of the exceptions to D.C. Bar R. XI, § 11(c), favoring identical reciprocal discipline. Bar Counsel meanwhile argues that none of the exceptions applies and thus this court should impose the same sanction the Louisiana court imposed.

This court, in *In re Sibley*, 990 A.2d 483 (D.C.2010), explained the principles governing our review of reciprocal discipline matters:

> With regard to attorney-discipline cases that come to us as reciprocal matters, D.C. Bar R. XI, § 11(c) establishes a rebuttable presumption in favor of this court's imposition of discipline identical to that imposed by the original disciplining jurisdiction. *See In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992); *see also In re Hallal*, 944 A.2d 1085, 1087 (D.C. 2008). The presumption applies unless the party opposing discipline (or urging non-identical discipline) shows, by clear and convincing evidence, that an exception should be made on the basis of one or more of the grounds set out in Rule XI, § 11(c)(1)-(5). *In re Zdravkovich*, 831 A.2d 964, 969–70 (D.C.2003). Rule XI, § 11(c) imposes a "rigid standard," as to which exceptions "should be rare." *Id.* at 968, 969. "[R]eciprocal discipline proceedings are not a forum to reargue the foreign discipline." *Id.* at 969.

990 A.2d at 487–88 (footnote omitted).

Rule XI, § 11(c) provides that "[r]eciprocal discipline shall be imposed unless the attorney demonstrates to the Court, by clear and convincing evidence," that:

(1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject; or

(3) The imposition of the same discipline by the Court would result in grave injustice; or

(4) The misconduct established warrants substantially different discipline in the District of Columbia; or

(5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

D.C. Bar R. XI, § 11(c).

■ Mr. Lee's claims with respect to exceptions (1), (2), (3), and (5) are plainly

without merit. To begin with, Mr. Lee was not denied due process. The Louisiana disciplinary proceedings, similar to the process in D.C., consisted of a committee hearing in which Mr. Lee was able to present evidence and fully air any objections he had, followed by further consideration of his case by the state disciplinary board and finally the Louisiana Supreme Court. *Lee,* 85 So.3d at 78–81. He participated in each step of the proceedings, objecting to, among other things, a nearly ten-year delay in bringing charges in the succession matter. While his arguments did not prevail, the disciplinary board found the delay was a mitigating factor in his case. *Id.* at 81.

There was, moreover, no infirmity of proof in the Louisiana proceedings. Mr. Lee objects to a supposed lack of "chain of custody" for the document entered against him to prove he forged his wife's signature, and he also cites a lack of "fraudulent intent" and the fact that "no one was ever misled by anything." As to the succession matter, Mr. Lee claims mainly that the long delay in bringing charges rendered the evidence on those charges unreliable. At each of the three stages in the disciplinary process, however, the reviewing body found misconduct by clear and convincing evidence—the same burden of proof for lawyer misconduct in the District of Columbia—and we see nothing in the record or Mr. Lee's pleadings that would lead us to a "clear conviction" that we should not accept those findings. D.C. Bar R. XI, § 11(c)(2). The Louisiana Supreme Court, moreover, considered this delay argument and adopted the state disciplinary board's finding of delay as a mitigating factor. *See In re Ponds,* 888 A.2d 234, 240–44 (D.C.2005) ("[A]n undue delay in prosecution is not in itself a proper ground for dismissal of charges of attorney misconduct."); *In re Miller,* 553 A.2d 201, 206 (D.C.1989) (six-year delay between conduct and conclusion of disciplinary proceedings was relevant for mitigation of sentence but not for dismissal of misconduct charge).

Mr. Lee also makes a due process argument he apparently has not raised before, as it was unaddressed in any of the Louisiana proceedings and Mr. Lee does not point us to any prior consideration of it. He claims the chairman of the hearing committee—the member who "authored the findings of fact in this matter"—was biased against him because of an "undisclosed relationship" with Mr. Lee's wife. The chairman, he says, "was making a play on Respondent's wife at the time the charges were filed," though apparently these "advances" were "unrequited" by his wife. These allegations, as Bar Counsel argues, "would have been much easier to resolve in the original disciplinary proceedings," and we conclude that Mr. Lee has waived this claim. *See In re Steele,* 914 A.2d 679, 681 (D.C.2007) (rejecting as waived respondent's previously unraised claims, including an alleged conflict precluding his attendance at a disciplinary proceeding).

We also are not convinced by Mr. Lee's further claims that his case would result in a grave injustice and that his charges for excessive fees (La. R. Prof. Conduct 1.5(a)) and dishonesty (La. R. Prof. Conduct 8.4(c)) do not constitute misconduct in the District of Columbia. His unsupported dispute of the Louisiana findings on excessive fees—that he charged $300 an hour despite having no experience in succession law—is inadequate. And his argument that Rule 8.4(c) requires that he have been engaged in the practice of law when committing the dishonest act is plainly incorrect. *See In re Kennedy,* 542 A.2d 1225, 1228 (D.C.1988) ("This court has consistently upheld findings that acts unrelated to the practice of law may nonetheless violate" Rule 8.4(c).).

▇ Finally, we reject Mr. Lee's claim that in the District of Columbia, a two-year suspension would not be appropriate for the kind of misconduct at issue in his case. Mr. Lee points us to no D.C. cases or principles of bar discipline that support his argument. He instead cites an oddly inconsistent passage in the Louisiana Supreme Court opinion comparing his case to a previous one, *In re Arbour*, 915 So.2d 345 (La.2005), where the court imposed a two-year suspension.[1] Because the court compared Mr. Lee's case only to one other, and because that case in fact involved similar misconduct, we have no reason to doubt that the court imposed a sanction that was appropriate in that jurisdiction. In any event, when this court is considering whether respondent has shown he is entitled to the "substantially different discipline" exception, its role is not to scrutinize previous cases of the original disciplining jurisdiction. We ask instead "whether the discipline of the foreign jurisdiction is within the range of sanctions that would be imposed for the same misconduct." *In re Garner*, 576 A.2d 1356, 1357 (D.C.1990).

Mr. Lee's case, according to the Louisiana Supreme Court, involved aggravating circumstances including "a dishonest or selfish motive, a pattern of misconduct, multiple offenses, submission of false evidence, false statements, or other deceptive practices during the disciplinary process, refusal to acknowledge the wrongful nature of the conduct, and substantial experience in the practice of law. . . ." *Lee*, 85 So.3d at 80. Reviewing our cases imposing a two-year suspension with a fitness requirement, it is clear that such discipline here is "within the range of sanctions" that we have imposed in similar cases involving a pattern of misconduct, serious neglect of client matters, and misrepresentations during disciplinary proceedings. *See, e.g., In re Mintz*, 626 A.2d 926, 927–28 (D.C. 1993) (imposing identical reciprocal two-year suspension with fitness requirement for case involving, *inter alia*, a pattern of neglect, failing to communicate with clients, and failing to cooperate with ethics authorities, and citing similar cases imposing same sanction). Mr. Lee thus has not shown the clear and convincing evidence necessary to rebut the presumption that we should impose identical reciprocal discipline.

Although it does not appear on the face of the Louisiana Supreme Court opinion, Louisiana Supreme Court rules dictate that because he was suspended for more than a year, Mr. Lee must apply for reinstatement after his suspension is over. *See In re Guidry*, 71 So.3d 256, 260 (La. 2011) ("Suspending respondent from the practice of law for more than one year will require him to show his compliance with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E) before being reinstated to the practice of law."); La. Sup.Ct. R. XIX, § 24(A)-(E). To be reinstated in Louisiana, he must demonstrate, among other things, rehabilitation, recognition of the wrongfulness and seriousness of the misconduct, and "the requisite honesty and integrity to practice law." La. Sup.Ct. R. XIX, § 24(E). We thus impose this jurisdiction's equivalent of that sanction and condition Mr. Lee's reinstatement to the bar of this court upon a showing of rehabilitation in accord with the provisions of D.C. Bar R. XI, §§ 3(a)(2) &

---

1. After stating it found *Arbour* instructive, and after citing some of the facts of that case, the court wrote: "Given that respondent's misconduct [here] was not as egregious as the misconduct found in [the previous case] and that his notarial misconduct did not result in actual harm, we find the two-year suspension recommended by the board is the appropriate sanction in this case." *Lee*, 85 So.3d at 82.

16. *Accord In re Matchett*, 996 A.2d 804 (D.C.2010) (imposing reciprocal suspension plus fitness requirement after attorney suspended in Louisiana for two years).

Accordingly, it is ORDERED that respondent shall be, and hereby is, suspended from the practice of law in the District of Columbia for a period of two years, with reinstatement conditional upon a showing of rehabilitation in accord with the provisions of D.C. Bar R. XI, §§ 3(a)(2) & 16. This suspension is effective as of November 27, 2012, the date respondent submitted proof that he complied with D.C. Bar R. XI, § 14(g).