*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 14-BG-604

IN RE SHARON STYLES ANDERSON, RESPONDENT.

A Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 412158)

On Report and Recommendation of Hearing Committee Number Five
Approving Petition for Negotiated Discipline
(BDN D136-13 and BDN D148-13)

(Decided September 11, 2014)

Before FISHER and THOMPSON, *Associate Judges*, and NEWMAN, *Senior Judge*.

PER CURIAM:[1]  In this disciplinary matter, Hearing Committee Number Five ("Committee") recommends approval of a petition for negotiated attorney discipline. *See* D.C. Bar R. XI, § 12.1.  The violations underlying the proposed discipline stem from respondent Sharon S. Anderson's unauthorized practice of law in a jurisdiction where she is not admitted.  Specifically, respondent filled out a form divorce petition for one client, and represented another client in a civil

---

[1]  This decision is issued as non-precedential.  Please refer to D.C. Bar R. I, § 12.1 (d) governing the appropriate citation of this opinion.

protection matter and a subsequent criminal proceeding in the state of Maryland. In neither instance did respondent disclose to her clients that she did not have a Maryland license, nor did she file a motion for admission *pro hac vice*. Respondent and Bar Counsel have negotiated discipline in the form of a public censure.

The amended petition filed by Bar Counsel[2] was referred to Hearing Committee Number Five, where respondent appeared and admitted to stipulated facts contained in the petition and submitted supporting affidavits. Respondent acknowledged that her actions constituted violation of District of Columbia Rule of Professional Conduct 5.5 (a) and Maryland's Rules of Professional Conduct 5.5 (a), (b) & (c). In addition, respondent consented to the sanction agreed upon with Bar Counsel and confirmed that she entered into the disposition freely and voluntarily and not as the result of any coercion or duress.[3] The Committee concluded, after the limited hearing on the petition, an *in camera* review of Bar Counsel's investigative files and records, and its *ex parte* meeting with Deputy Bar Counsel, that respondent violated Rule of Professional Conduct 5.5 (a).

---

[2] *See* D.C. Bar R. XI, § 12.1 (c); Bd. Prof. Resp. R. 17.5.

[3] *Id.*

We agree with the Committee's recommendation because it properly applied D.C. Bar R. XI, § 12.1 (c) to arrive at this conclusion, and we find no error in the Committee's determination. Furthermore, the Committee considered the aggravating and mitigating circumstances, including respondent's two prior Informal Admonitions for similar misconduct occurring in 2001 and 2004, and the return of the retainer fee to her former client. Based upon the record before the court, the negotiated discipline – a public censure – is not unduly lenient and falls within the range of discipline imposed for similar actions.[4]

In accordance with our procedures in uncontested disciplinary cases, we agree that this case is appropriate for negotiated discipline, and we accept the Committee's recommendation. Accordingly, it is

ORDERED that Sharon Styles Anderson is hereby publicly censured.

*So ordered.*

---

[4] *See In re Zentz*, 891 A.2d 277, 278 n.2 (D.C. 2006) (noting that "violations of the unauthorized practice rule, without more, normally justify the sanction of at most a public reprimand").