*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 26-BG-0130

IN RE JOHN T. SALATTI, RESPONDENT.

A Member of the Bar of the
District of Columbia Court of Appeals
(Bar Registration No. 503247)

On Report and Recommendation of the Board on
Professional Responsibility Ad Hoc Hearing
Committee Approving Petition for Negotiated Discipline
(BDN: 25-ND-002; DDN: 2023-D169)

(Decided April 30, 2026)

Before BECKWITH, MCLEESE, and HOWARD, *Associate Judges*.

PER CURIAM: This decision is nonprecedential. Please refer to D.C. Bar R. XI, § 12.1(d), governing the appropriate citation of this opinion.

In this disciplinary matter, the Hearing Committee recommends approval of the parties' amended petition for negotiated attorney discipline. Respondent John T. Salatti has acknowledged that, in connection with representation of a client seeking an investor visa, he (1) failed to keep his client reasonably apprised of the status of the matter and failed to explain the matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation;

(2) accepted compensation for representing the client from an organization called Visa to America without obtaining the client's informed consent; (3) failed to communicate the rate and basis of his fee and scope of representation in writing to the client; and (4) assisted non-attorneys in the unauthorized practice of law. As a result, respondent admits that he violated D.C. R. Pro. Conduct 1.4(a), 1.4(b), 1.8(e), 1.5(b), and 5.5(b). The proposed discipline consists of a stayed thirty-day suspension in favor of twelve months of unsupervised probation with conditions.

Having reviewed the Committee's recommendation[1] in accordance with our procedures in these cases, *see* D.C. Bar R. XI, § 12.1(d), we agree that this case is appropriate for negotiated discipline and "the agreed-upon sanction is justified," *In re Mensah*, 262 A.3d 1100, 1104 (D.C. 2021) (per curiam) (internal quotation marks omitted), in light of reasonably analogous precedents. *See, e.g., In re Osemene*, 277 A.3d 1271 (D.C. 2022) (per curiam); *In re Schwartz*, 221 A.3d 925 (D.C. 2019) (per curiam); *In re Francis*, 137 A.3d 187 (D.C. 2016) (per curiam); *In re Zentz*, 891 A.2d 277 (D.C. 2006) (per curiam); *see also In re Teitelbaum*, 303 A.3d 52, 56 (D.C. 2023) (providing that a negotiated discipline petition "may generally omit to charge a violation if, after reasonable factual investigation, there is a substantial risk that

---

[1] We grant the consent motion to file the lodged confidential appendix to the recommendation under seal.

[the Office of Disciplinary Counsel] would not be able to establish the violation by clear and convincing evidence"). Accordingly, it is

ORDERED that respondent John T. Salatti is hereby suspended from the practice of law in the District of Columbia for thirty days, fully stayed, and placed on twelve months of unsupervised probation with the following conditions:

(a) within 60 days of the issuance of this opinion, he shall complete the continuing legal education courses "Avoiding Malpractice and Bar Complaints 2025" and "Avoiding the Unauthorized Practice of Law 2025," and he shall thereafter provide proof of completion to Disciplinary Counsel;

(b) he shall not be found to have engaged in any unethical conduct before the probationary period expires; and

(c) during the probationary period, he shall inform all clients he represents (both current and new clients) in writing or through the necessary engagement agreement that he is serving a term of probation.

*So ordered.*